28 F.3d 1209
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
THE FEDERAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
Carolyn Safer KENNER; Ross Freitas, Defendants-Appellants,
ROSS COSMETICS DISTRIBUTION CENTERS, INCORPORATED; Johnm.
WATERS; Michaele. Emery; Eugeneh. Karam;
Tristar Corporation, Defendants-Appellees,
and
Barry A. BLOOMFIELD; T. Legrand Crapps; Eugened. Derry;
Rogerm. Rosenberg, Shashikants. Sheth, Defendants.
 No. 94-1210.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 14, 1994.
Decided: July 5, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Spartanburg. G. Ross Anderson, Jr., District Judge. (CA-93-1094-7-3)
 Carolyn Safer Kenner, Ross Freitas, Appellants Pro Se.
 Elford Hamilton Morgan, Butler, Means, Evins & Browne, Spartanburg, South Carolina; David M. Leonard, Jeffrey R. Darby, Lord, Bissell & Brook, Atlanta, Georgia; Thomas W. Traxler, Jefferson V. Smith, Jr., Carter, Smith, Merriam, Rogers, & Traxler, P.A., Greenville, South Carolina; James Howard Scropp, Jonathan M. Jacobs, Fried, Frank, Harris, Shriver & Jacobson, Washington, D.C., for Appellees.
 D.S.C.
 DISMISSED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants noted this appeal outside the thirty-day appeal period established by Fed. R.App. P.4(a)(1), failed to obtain an extension of the appeal period within the additional thirty-day period provided by Fed. R.App. P.4(a)(5), and are not entitled to relief under Fed. R.App. P.4(a)(6). The time periods established by Fed. R.App. P.4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).
 
 
 2
 Appellants argue that because their notice of appeal was timely received in the district judge's chambers, this Court has jurisdiction to hear the appeal. In addition, the Appellants move for this Court to have the official docket corrected to reflect the date of filing as the date the notice of appeal was received in chambers. We deny Appellants' motion and hold that the notice was untimely.
 
 
 3
 * An examination of the circumstances reveals that the notice of appeal was due on February 7, 1994. On February 4, 1994, Appellants mailed their notice of appeal by Federal Express to the district court judge's chambers in Anderson, South Carolina. On February 7, F.Murphy--an employee in Judge Anderson's chambers--signed for the document and apparently forwarded it to the clerk's office. On February 8, the clerk's office in Greenville, received the notice of appeal and docketed it.
 
 II
 
 4
 Appellants advocate an interpretation of the Rules of Appellate Procedure that treats a notice of appeal received by a district court judge as timely filed under Rules 3(a) and 4(a)(1). We disagree. "Rule 3 and Rule 4 combine to require that a notice of appeal be filed with the clerk of the district court within the time prescribed for taking an appeal." Torres v. Oakland Scavenger Co., 487 U.S. 312, 315 (1988) (emphasis added), quoting Advisory Committee Notes to Rule 3; see also Charles A. Wright, et al., 16 Federal Practice and Procedure Sec. 3950, at 361 (1977 and 1993 Supp.) ("unless the notice of appeal is filed with the clerk of the district court within the time fixed" there is no jurisdiction).
 
 
 5
 The only exception to this strict rule is for prisoners, who "cannot take the steps other litigants can take to monitor the processing of their notices of appeal and ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline." Houston v. Lack, 487 U.S. 269, 270-71 (1988). Because Appellants were free to "personally travel to the courthouse," Id. at 271, they could have monitored whether their notice was timely stamped by the clerk of the district court or could have corrected any problems caused by the "vagaries of the mail." Id.
 
 
 6
 Finally, we note that this is not a situation where Appellants could not avoid the delay. Appellants did not mail the notice of appeal until a mere three days before it was due. Thus, they created the predicament they now face.
 
 
 7
 Therefore, Appellants' failure to file a timely notice of appeal deprives this Court of jurisdiction. Accordingly, we grant Appellees' motion to dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 DISMISSED